Mark E. Chadwick (#014991)
**MUNGER CHADWICK, P.L.C.**
333 North Wilmot, Suite 300
Tucson, Arizona 85711
Telephone:  (520) 721-1900
Facsimile:   (520) 747-1550
mechadwick@mungerchadwick.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTINA N. CHADWICK,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIVERSIDAD INTERAMERICANA DE PUERTO RICO, INC., a non-profit corporation organized under the laws of Puerto Rico,<br><br>    Defendant. | NO.<br><br>**COMPLAINT** |

Plaintiff, CHRISTINA N. CHADWICK, for her Complaint against UNIVERSIDAD INTERAMERICANA DE PUERTO RICO, INC., alleges:

**THE PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff, CHRISTINA N. CHADWICK ("Ms. Chadwick") is an individual who resides in Pima County, Arizona.

2.  Defendant, UNIVERSIDAD INTERAMERICANA DE PUERTO RICO, INC., ("Defendant" or "Interamericana") is a non-profit corporation organized under the laws of Puerto Rico. Interamericana is an institution of higher

education that has entered into a program participation agreement with the Secretary for the Department of Education pursuant to 20 U.S.C. §1094, and administers and receives federal financial aid funds.

3. Among other programs, Defendant Interamericana operates a School of Optometry, which program is accredited by the American Council on Optometric Education (ACOE) of the American Optometric Association and the Middle States Association of Colleges and Schools, and confers the degree of Doctor of Optometry.

4. The School of Optometry has received a license and approval from the Puerto Rico Council on Higher Education (CEPR).

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, pursuant to 20 U.S.C. § 1090 and federal regulations promulgated thereunder, including but not limited to 34 C.F.R. § 668.34.

6. The Court also has diversity of citizenship jurisdiction under 28 U.S.C. § 1332 because Ms. Chadwick resides in Arizona and the Defendant is located in the Commonwealth of Puerto Rico, which is a United States Territory, and the amount of the controversy exceeds $75,000.

7. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over the parties herein and venue in this Court is proper pursuant to 28 U.S.C.A. § 1391(b).

9. Ms. Chadwick demands a jury trial on all contested issues of fact to which a jury trial right attaches.

## GENERAL ALLEGATIONS

10. On or about January 26, 2015, Ms. Chadwick, an Arizona resident and graduate of the University of Arizona, applied for admission to the Interamericana School of Optometry.

11. On or about March 5, 2015, Interamericana sent Ms. Chadwick a letter of admission to her permanent address in Tucson, Arizona.

12. Within a few days of receiving an offer for admission, Ms. Chadwick accepted the offer of admission and paid the required deposit.

13. Interamericana was Ms. Chadwick's top choice for graduate studies in large part because it is the only accredited bi-lingual optometry program which would allow her to serve the Spanish speaking community in Tucson, Arizona. Upon reliance of her acceptance by Interamericana, Ms. Chadwick declined other educational opportunities including but not limited to declining an offer she received to interview for admission at the College of Optometry at the Massachusetts College of Pharmacy and Health Sciences.

14. In August of 2015, Ms. Chadwick enrolled in the School of Optometry, where she attended classes through June of 2017.

15. From the time of her admission through March 17, 2017, the academic catalog for the School of Optometry defined satisfactory academic progress as maintaining a cumulative Grade Point Average (GPA) of at least 2.0.

16. On or about March 17, 2017, in an attempt to comply with 34 C.F.R. § 668.34, the Defendant approved and disseminated a new Academic Policy that set forth new policies concerning the definition of satisfactory progress. [Exhibit 1.] The Academic Policy went into effect immediately.

17. Under the Academic Policy, in evaluating students' academic progress, the Defendant was required to evaluate "all cumulative credits" that the student has attempted and completed: the "evaluation will consider *all cumulative credits* that the student has attempted toward the Doctor of Optometry Degree and the cumulative Grade Point Average (GPA)." [Exhibit 1.] [emphasis added.]

18. As the Pace of Completion Table in the Academic Policy reflects, the Minimum *Cumulative* Completion Ratio must be 66.7% by the end of the second academic year. [Exhibit 1.] [emphasis added.]

19. Academic Dismissal only occurs in the following circumstances:

> "A student will undergo academic dismissal if at the end of any academic year:

>1. The *Cumulative* Grade Point Average (GPA) is less than 2.00, or
>2. Does not meet the required *Cumulative* Completion Ratio, or
>3. Exceeds the time frame limits established for the program: 6 years or 225.38 credits attempted, whichever comes first."
>[Exhibit 1].  [emphasis added.]

20. At the conclusion of her second academic year in June of 2017, Ms. Chadwick's cumulative GPA was 2.02 and, accordingly, she satisfied the GPA requirement for satisfactory academic progress under the Academic Policy and the requirements of 34 C.F.R. § 668.34.

21. Based upon Ms. Chadwick's transcript through June of 2017, Ms. Chadwick cumulatively earned 68.1 hours and cumulatively attempted 97.1 hours. Therefore, the Minimum Cumulative Completion Ratio is: 68.1/97.1=.7013, or 70.13%, which exceeds the required Minimum Cumulative Completion Ratio of 66.7%. Accordingly, Ms. Chadwick satisfied the definition of satisfactory academic progress set forth in the Academic Policy.  In addition, the Defendant incorrectly classified two classes during the Spring 2017 semester, DVT1 and ODS2, as "attempted," even though Ms. Chadwick dropped the classes on January 27, 2017, without attending class, taking any tests or otherwise participating in the classes.  Defining these classes as attempted violates the reasonableness requirements of 34 C.F.R. § 668.34.

22.     Due to Defendant's additional error in the calculation by including two classes that Ms. Chadwick did not, in fact, attempt, the correct Minimum Cumulative Completion Ratio is actually 75.58%.

23.     The School of Optometry also assesses the clinical proficiency of its students. Ms. Chadwick has passed all clinical proficiency tests for both academic years, including the cumulative assessment known as the Clinical Skills Assessment.

24.     Despite Ms. Chadwick having satisfied the Academic Policy for Cumulative GPA and the Minimum Cumulative Completion Ratio, on or about July 7, 2017, the Defendant, in a letter delivered to her permanent address in Tucson, Arizona, dismissed Ms. Chadwick from the School of Optometry, effective immediately.

25.     The dismissal was based upon Defendant's non-cumulative, erroneous calculation based solely on the semesters for the Fall 2016, Spring 2017 and June 2017.

26.     Defendant's calculation excluded the following semesters: Fall 2015, Spring 2016, June 2016 and July 2016, resulting in a calculation of 59% rather than the actual percentage of 70.13%.

27. Defendant's wrongful dismissal in violation of the Academic Policy and 34 C.F.R. § 668.34 have rendered Ms. Chadwick ineligible for financial aid under 20 U.S.C. 1091 and applicable regulations.

28. During the school year, Ms. Chadwick resides in on campus student housing and, the immediate dismissal effectively evicted her from her assigned dorm.

29. Pursuant to the Academic Policy, Ms. Chadwick had the right to appeal the dismissal decision to the Appeal Committee. On July 18, 2017, Ms. Chadwick timely submitted her appeal to the Appeal Committee for the School of Optometry.

30. On or about August 1, 2017, the Appeal Committee denied Ms. Chadwick's appeal and, accordingly, Ms. Chadwick has exhausted her remedies under the Academic Policy.

**COUNT ONE: BREACH OF CONTRACT/DECLARATORY JUDGMENT**

31. Plaintiff incorporates the foregoing allegations as though fully set forth herein.

32. The Academic Catalogue 2015-2016 / 2016-2017, [Exhibit 2], and the Academic Policy (collectively "Contract"), published on the website for the Defendant's School of Optometry and disseminated to students, constitutes a binding enforceable contract between Ms. Chadwick and the Defendant under the

laws of the Commonwealth of Puerto Rico, including but not limited to 31 L.P.R.A. § 3451.

33.   An actual case and controversy exists regarding the interpretation, breach and enforcement of the Contract.

34.   The Defendant breached the contract by, *inter alia*, failing to calculate correctly Ms. Chadwick's Minimum Cumulative Completion Ratio as specified in the Academic Policy and wrongfully dismissing Ms. Chadwick.

35.   In the Contract, the Defendant agreed to adhere to federal regulations governing financial aid, the availability of which is a material term to the Contract.

36.   Ms. Chadwick also has resided in on-campus, student housing, since she enrolled at Interamericana, for which she is presently not eligible due to the wrongful dismissal in violation of the Contract.

37.   Pursuant to 28 U.S.C. § 2202, Ms. Chadwick is entitled to a declaratory judgment, declaring that (1) Plaintiff has met the standards for satisfactory academic progress under the Contract; (2) Defendant breached its Contract with Ms. Chadwick by dismissing her from the program and failing to adhere to Academic Policy set forth therein; (3) Ms. Chadwick is entitled to immediate reinstatement as a student in the program with no academic probation or restrictions; (4) Ms. Chadwick is immediately eligible for financial aid under 20

U.S.C. § 1091 and applicable regulations; and (5) Ms. Chadwick's rights to occupy her dorm room are restored immediately.

Wherefore, Ms. Chadwick demands judgment as prayed for herein.

**COUNT TWO: BREACH OF CONTRACT/DAMAGES**

38. Plaintiff incorporates the foregoing allegations as though fully set forth herein.

39. The Contract is a binding and enforceable contract under 31 L.P.R.A. § 3451 and the civil laws of the Commonwealth of Puerto Rico.

40. Puerto Rican law imposes the duty of good faith performance of the Contract by the Defendant.

41. Defendant's breach of contract and wrongful dismissal has eliminated Plaintiff's opportunity to matriculate at Interamericana for the Fall 2017 semester, causing a delay in educational and professional opportunities for at least one or two years.

42. Ms. Chadwick has paid for tuition and educational expenses for which she was denied the benefit of the bargain and is entitled to recover the amount paid.

43. As a result of the breach of contract, Ms. Chadwick has suffered damages in an amount to be proven at trial in excess of $75,000, including but not limited to damages for (1) lost or delayed professional opportunities equal to at least one or two years of salary she would have earned as an Optometrist had she

not been improperly dismissed; (2) out of pocket educational expenses in excess of $75,000; (3) lost or delayed educational opportunities; and/or (4) damage to professional and/or educational reputation from the wrongful dismissal.

Wherefore, Plaintiff is entitled to recover damages for breach of contract as prayed for herein.

**COUNT THREE: DECLARATORY JUDGMENT UNDER 34 C.F.R. § 668.34**

44. Plaintiff incorporates the foregoing allegations as though fully set forth herein.

45. Pursuant to the participation agreement between Defendant and the Secretary for the Department of Education under 20 U.S.C. §1094, Defendant must adhere to the requirements of 20 U.S.C. § 1090 and 34 C.F.R. § 668.34(a) concerning student's academic progress.

46. As an institution of higher education, Defendant "must establish a reasonable satisfactory academic progress policy. . ." 34 C.F.R. § 668.34(a).

47. The Department of Education considers a satisfactory academic progress policy reasonable only if:

> (a)(5)(i) The policy specifies the pace at which a student must progress through his or her educational program to ensure that the student will complete the program within the maximum timeframe, as defined in paragraph (b) of this section, and provides for measurement of the student's progress at each evaluation; and
>
> (a)(5)(ii) An institution calculates the pace at which the student is progressing *by dividing the cumulative number of hours the student has successfully completed by the cumulative number of hours the student has*

> *attempted.* In making this calculation, the institution is not required to include remedial courses;

34 C.F.R. § 668.34(a)(5) [emphasis added.]

48. Despite the express requirement under 34 C.F.R § 668.34 that Ms. Chadwick's progress be evaluated on the basis of the cumulative number of hours that she had completed divided by the cumulative numbers that she has attempted, the Defendant performed a non-cumulative, selective calculation.

49. Defendant's improper, non-cumulative calculation of Ms. Chadwick's academic progress and its decision to dismiss her and to deny her financial aid eligibility violates 34 C.F.R. § 668.34.

50. Plaintiff is entitled to a declaratory judgment that she met the satisfactory academic progress requirements under 34 C.F.R. § 668.34.

51. To the extent that the Academic Policy is interpreted to allow a non-cumulative calculation of progress, it is *per se* unreasonable because the regulation requires a cumulative calculation. So construed, it should be declared invalid.

52. In addition, the Academic Policy defines "attempted hours" to include a withdrawal, regardless of whether the actually attempts to complete the course.

53. By including classes that the student did not participate in, Defendant unreasonably formulated a policy that misconstrues and misstates "the cumulative number of hours the student has attempted" under 34 C.F.R. § 668.34.

54. Plaintiff is entitled to a declaratory judgment that the Academic Policy

is invalid and unreasonable by defining "attempted" classes to include a "W" on the transcript or withdrawal in which the student did not attend class or attempt any exams.

55.   Plaintiff is further entitled to an order requiring the Defendant to recalculate her Minimum Cumulative Completion Ratio to exclude from the hours attempted the two classes that she dropped, and an order requiring all future evaluations to exclude these two classes as well.

**COUNT FOUR: INJUNTIVE RELIEF**

56.   Plaintiff incorporates the foregoing allegations as though fully set forth herein.

57.   Plaintiff does not have adequate remedies at law.

58.   Ms. Chadwick will suffer irreparable harm if she is not allowed to attend classes starting on August 7, 2017, including but not limited to the permanent loss of the opportunity to study optometry for the 2017-2018 academic year and the loss of future educational and professional opportunities.

59.   Time is of the essence as the irreparable harm is imminent, justifying the issuance of a temporary restraining order, preliminary injunction and a permanent injunction.

60.   The Court should issue a temporary restraining order, preliminary injunction and permanent injunction: (1) reinstating Ms. Chadwick as a student at

Interamericana School of Optometry; (2) enjoining the dismissal; (3) reinstating her eligibility for financial aid; (4) requiring Defendant to allow her to occupy her previously assigned dorm room on campus; and (5) correcting her student file to reflect the actual Minimum Completion Ratio and purging any reference in her file to dismissal.

WHEREFORE, Plaintiff demands judgment as follows:

A. For a temporary restraining order that:
   (i) immediately reinstates Ms. Chadwick as a student at the School of Optometry at Interamericana and allows her to enroll in classes that start on August 7, 2017;
   (ii) restores Ms. Chadwick's financial aid eligibility;
   (iii) requires Interamericana to allow Ms. Chadwick occupancy in the dorm to which she was previously assigned; and
   (iv) precludes Interamericana from imposing probation or other sanctions upon her, including but not limited to dismissal for failure to make satisfactory academic progress through June of 2017.

B. For a preliminary injunction that:
   (i) reinstates and maintains Ms. Chadwick's status as a student at the School of Optometry at Interamericana and allows her to enroll in and complete classes that she chooses;
   (ii) restores Ms. Chadwick's financial aid eligibility;
   (iii) requires Interamericana to allow Ms. Chadwick to occupy the dorm room that she was assigned for the academic year 2017/2018;
   (iv) precludes Interamerican from imposing probation or other sanctions upon Ms. Chadwick, including but not limited to dismissal for failure to make satisfactory academic progress through the semester ending in June of 2017.

C. For a permanent injunction that:
   (i) rescinds and purges from her student file the dismissal letter dated July 7, 2017;
   (ii) reinstates Ms. Chadwick as a student in the School of Optometry with no restrictions or probation attached, allowing her to enroll and complete her coursework as long as she makes satisfactory academic progress as set forth in the Academic Policy;
   (iii) requires Interamericana to recalculate Ms. Chadwick's Minimum Cumulative Completion Ratio that includes all classes attempted and completed, excluding the two classes she dropped on January 27, 2017;
   (iv) requires Interamericana to certify her eligibility for financial aid;
   (v) requires Interamericana to allow Ms. Chadwick to occupy the

on-campus dorm room previously assigned to her or as assigned during her tenure as a student.

D. For a declaratory judgment that:
   (i) Declares that Interamericana violated the Academic Policy for satisfactory academic progress by failing to calculate Ms. Chadwick's Minimum Cumulative Completion Ratio on a cumulative basis;
   (ii) declares that the Academic Policy and 34 C.F.R. § 668.34 requires a cumulative evaluation;
   (iii) declares that Interamericana breached its contract with Ms. Chadwick in connection with the dismissal;
   (iv) declares the Academic Policy unreasonable, illegal and void for defining withdrawals from classes as an "attempted course.";
   (v) declares that Ms. Chadwick made satisfactory academic progress under the Academic Policy and 34 C.F.R. § 668.34 through June of 2017 and declares that her financial aid eligibility be reinstated;
   (vi) declares that the dismissal letter dated July 7, 2017, is rescinded and purged from Ms. Chadwick's record.

E. For damages in an amount to be proven at trial in excess of $75,000, caused by the breach of contract and/or the good faith duty of performance, including but not limited to damages for:
   (i) lost or delayed professional opportunities equal to at least one or two years of salary Plaintiff would have earned as an Optometrist had she not been improperly dismissed, which exceeds $75,000;
   (ii) out of pocket tuition and educational expenses in excess of $75,000;
   (iii) lost or delayed educational opportunities; and/or
   (iv) damage to professional and/or educational reputation from the wrongful dismissal.

F. For costs incurred herein.

G. For such other and further relief as the Court deems just and proper.

Dated this 2nd day of August, 2017.

                                            Mark E. Chadwick
                                            MUNGER CHADWICK, P.L.C.
                                            National Bank Plaza
                                            333 North Wilmot, Suite 300
                                            Tucson, Arizona 85711


                                       By:    /s/ *Mark E. Chadwick*
                                               Mark E. Chadwick
                                               Attorney for Plaintiff